# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SHANNON M. SAXON, ,

Plaintiff,

-vs-                                                Case No.  6:06-cv-1241-Orl-28UAM

EMERITUS PROPERTIES-NGH, LLC,

Defendant.

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT (Doc. No. 25)** |
| **FILED:** | **August 21, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiff Shannon Saxon seeks to hold Defendant Emeritus Properties-NGH, LLC ("Emeritus") liable for allegedly failing to pay her overtime wages in violation of the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). Saxon worked as SCU program director from January 21, 2003 to July 26, 2006, and claims that she was not paid any wages for the alleged 20 hours of overtime she worked each week. Doc. No. 14 at 3. The parties have agreed to settle the case and have filed a motion with the Court seeking its approval of their "Settlement Agreement and General Release." Doc. Nos. 25 and 27.

Before the Court may approve the settlement of the FLSA claim. it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350. 1354-55 (11th Cir. 1982). If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In the instant case. Emeritus has agreed to pay a total of $30.000.00 in three separate allocations: (1) $7,000.00 to Saxon as and for unpaid overtime. back pay, and front pay; (2) $7,000.00 to Saxon for liquidated damages; and (3) $16,000.00 to the Trust Account of Pantas Law Firm, P.A. as attorneys' fees and costs. *See* Doc. Nos. 27 at 4-5. The Court has reviewed the proposed settlement and finds the settlement is a fair and reasonable resolution of a bona fide dispute.[1] The case involved disputed issues of FLSA coverage. and each party was represented by independent counsel, who were obligated to vigorously represent their client.

For the reasons stated above, it is therefore

**RECOMMENDED** that parties' Joint Motion for Approval of Settlement and Memorandum of Law in Support (Doc. No. 25) be **GRANTED**. The Settlement Agreement (Doc. No. 27) should be approved; the case should be dismissed the case with prejudice; and the Clerk should be directed to close the case.

---

[1] Both parties urge this Court to approve the Settlement Agreement, including the amount to be paid to Saxon's counsel in fees and costs. The Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the parties' stipulation as to the reasonableness of the attorneys' fees and costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 12, 2007.

Donald P. Dietrich
United States Magistrate Judge

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Courtroom Deputy